IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUCAS A. SHIELDS,<br><br>               **Plaintiff,**<br><br>v.<br><br>GREGORY D. LITTLE,<br>KELSEY S. SMITH, and<br>JOHN M. BARWICK, III,<br><br>               **Defendants.** | Case No. 25-cv-00211-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

      Plaintiff Lucas Shields, an inmate in the custody of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights that occurred at Pinckneyville Correctional Center. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT

      Plaintiff claims that the Pinckneyville Correctional Center Adjustment Committee, composed of Defendants Gregory Little, Kelsey Smith, and John Barwick, violated his right to free speech by not notifying him of disciplinary hearings held on December 3 and 13, 2024. (Doc. 27, p. 5). Plaintiff was informed of the hearings when he received the disciplinary summaries in

the institutional mail, after the hearings had occurred. He states that he had no opportunity to plead his innocence. (*Id.*).

Plaintiff also states that Defendants Little, Smith, and Barwick violated his Eighth Amendment right to be free of cruel and unusual punishment by finding him guilty on disciplinary charges without allowing him to plead guilty or not guilty and punishing him without allowing him to prove his innocence. (Doc. 27, p. 5).

And finally, Plaintiff states that the "Fifth Amendment: forgery" provision was violated when Defendant Little forged the signature of Defendant Barwick on the disciplinary reports. (Doc. 27, p. 6). Plaintiff believes that the signatures of Little and Barwick resemble one another. (*Id.*).

## DISCUSSION

Again, Plaintiff has failed to state a claim for a constitutional violation. Although Plaintiff does not cite to the Fourteenth Amendment, he is complaining about the improper processes implemented in connection with two disciplinary hearings and several disciplinary reports. It is the Fourteenth Amendment that requires procedural protections before an inmate can be placed in conditions that result in an "atypical and significant hardship" when compared to "the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484-86 (1995).

As the Court previously observed, however, Plaintiff has failed to sufficiently plead that he was deprived of a liberty interest following constitutionally deficient disciplinary hearings. (*See* Doc. 23, p. 3). In the First Amended Complaint, Plaintiff does not include any information regarding his conditions of confinement following the disciplinary hearings, other than to say in his prayer for relief that he seeks damages for each day he was in segregation. (Doc. 27, p. 8). Plaintiff has refiled copies of his disciplinary summaries as exhibits (*see* Doc. 28), which include information about the sanctions imposed by the Adjustment Committee following the hearings on

December 3 and 13, 2024, but these exhibits do not help his claim. The Court has already addressed the disciplinary summaries and corresponding sanctions in the first Merits Review Order. (*See* Doc. 23). The Court found that, with the exception of the loss of good time credits, these exhibits do not demonstrate that Plaintiff was denied a liberty interest requiring due process protections. (*Id.* at p. 3-4). Additionally, as stated, Plaintiff cannot challenge the procedures relating to the disciplinary hearing held on December 3, 2024, which resulted in the loss of good time credits, because there is no indication that the credits have since been restored. (*Id.* at p. 4) (citing *Alexander v. Rasmussen,* 725 F. App'x 418, 420 (7th Cir. 2018)).

Because Plaintiff's claims regarding the improper process before, during, and following the disciplinary hearings are founded in the Fourteenth Amendment. He cannot save those claims by now "attaching an 'additional constitutional label' to them," and claiming that his First Amendment right to free speech was violated because he was not allowed to plea. *Lindell v. Hubregtse,* 205 F. App'x 446, 449-450 (7th Cir. 2006) (quoting *Conyers v. Abitz,* 416 F. 3d 580, 586 (7th Cir. 2005)).

Furthermore, not allowing Plaintiff to be present at the disciplinary hearings, to plead not guilty, and to "prove [his] innocence" does not amount to an Eighth Amendment violation for cruel and unusual punishment. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) ("the Eighth Amendment prohibits punishments which…involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime") (internal quotations and citations omitted); *Tucker v. Holland,* No. 22-1703, 2022 WL 4008713, at *1 (7th Cir. 2022) (affirming district court's dismissal of plaintiff's complaint alleging an Eighth Amendment violation resulting from a procedurally deficient hearing because the plaintiff did not "connect any defendant's actions to deprivation of the minimal civilized measure of life's necessities").

And finally, Plaintiff's claim of forgery brought under the Fifth Amendment does not

survive preliminary review. As a state prisoner, Plaintiff's due process rights are protected by the Fourteenth Amendment, not the Fifth Amendment. See Dusenbery v. United States, 534 U.S. 161, 167 (2002). Because Plaintiff has not sufficiently pled that he was denied a liberty interest, due process under the Fourteenth Amendment was not required prior to implementing sanctions against him for alleged misconduct. Thus, the fact disciplinary reports contained a forged signature is not a constitutional violation.

Because Plaintiff has failed to state a claim against any of the named Defendants, the First Amended Complaint will be dismissed. When a complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. See FED. R. CIV. P. 15(a). However, leave to amend need not be granted if it is clear that any amendment would be futile. See Always Towing & Recovery, Inc. v. City of Milwaukee, 2 F.4th 695, 707 (7th Cir. 2021); Bogie v. Rosenberg, 705 F.3d 603, 608 (7th Cir. 2013); Garcia v. City of Chicago, 24 F.3d 966, 970 (7th Cir. 1994). This is Plaintiff's second attempt to state a claim, and he again is unsuccessful. Accordingly, the Court finds that any further amendment of Plaintiff's claims in this action would be futile. The dismissal of this case will be with prejudice and without leave to amend.

## DISPOSITION

The First Amended Complaint (Doc. 27) and this entire case are **DISMISSED with prejudice** for failure to state a constitutional claim upon which relief may be granted. The Court considers the dismissal of this action as one of Plaintiff's three "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the

appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal in forma pauperis. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**   November 4, 2025

                                                  *s/Stephen P. McGlynn*
                                                  **STEPHEN P. MCGLYNN**
                                                  **United States District Judge**